1  JEREMY A. ROTH, Bar No. 129007
   LITTLER MENDELSON
2  A Professional Corporation
   501 W. Broadway
3  Suite 900
   San Diego, CA 92101.3577
4  Telephone: 619.232.0441
   Facsimile: 619.232.4302
5  Email:    jroth@littler.com

6  Attorneys for Defendant
   AUTOZONE, INC.
7



FILED
CLERK, U.S. DISTRICT COURT

JUL 1 6 2010

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION    BY DEPUTY

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10 | REGINO MARQUEZ,              | ED CV Case No. - 01055 VAP (OP)
11 |        Plaintiff,            |
12 |    v.                        | NOTICE TO FEDERAL COURT OF
                                   | REMOVAL OF CIVIL ACTION
13 | AUTOZONE, INC., a Nevada      | FROM STATE COURT PURSUANT
   | corporation, and DOES 1 through| TO 28 U.S.C. § 1441(b)
14 | 100, inclusive,               |
                                   | [DIVERSITY JURISDICTION]
15 |        Defendants.            |
                                   | Complaint Filed: January 27, 2010
16

17 TO THE CLERK OF THE ABOVE ENTITLED COURT AND TO PLAINTIFF

18 AND HIS ATTORNEYS OF RECORD:

19      PLEASE TAKE NOTICE THAT Defendant AUTOZONE, INC.

20 ("Defendant"), hereby removes the state court action described herein, filed in the

21 Superior Court of the State of California for the County of San Bernardino, to the

22 United States District Court, Central District of California, pursuant to 28 U.S.C.

23 §1441(b). Defendant will promptly file in Superior Court its Notice to State Court

24 and All Adverse Parties of Removal of Civil Action. See Declaration of Jeremy A.

25 Roth in Support of Notice of Removal ("Roth Decl."), ¶ 2. A true and correct copy of

26 the Notice to State Court and All Adverse Parties of Civil Action without its

27 accompanying exhibits that will be filed with the State Court is attached hereto as

28 Exhibit "A." The basis for removal is diversity of citizenship.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION FROM STATE
COURT PURSUANT TO 28 U.S.C. § 1441(b)

# JURISDICTION

1. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

# VENUE

2. Venue is proper in this Court in that this is the Court of the District embracing the place where the action is pending in state court. 28 U.S.C. §1441(a).

# NOTICE OF REMOVAL

3. On or about June 9, 2010, Plaintiff REGINO MARQUEZ ("Plaintiff") filed a Complaint for Damages in the Superior Court of the State of California for the County of San Bernardino: *Regino Marquez v. AutoZone, Inc., a Nevada corporation, and DOES 1 through 100, inclusive*, Case No. CIVVS 1003864 ("Complaint"). A true and correct copy of the Complaint and the accompanying Service of Process Transmittal, Summons, Civil Case Cover Sheet and Notice of Case Assignment are attached hereto as Exhibit "B." That Complaint includes a damages calculation of at least $100,000, meeting the requisite dollar amount in controversy to support removal on the basis of diversity jurisdiction. (Complaint, ¶ 7.) The Complaint was served on Defendant's registered agent for service of process on June 17, 2010. (Complaint, proof of service.) Defendant timely filed its Answer to this Complaint on July 15, 2010. A true and correct copy of same is attached hereto as Exhibit "C."

4. This Notice of Removal is filed within 30 days after the initial receipt by Defendant of Plaintiff's Complaint, in accordance with 28 U.S.C. § 1446(b).

5. Copies of this Notice of Removal, as well as the Notice of Filing of Notice of Removal, has been mailed to Plaintiff's counsel and are being filed with the Clerk of the San Bernardino Superior Court.

6. Diversity grounds for removal exists, as more fully described below.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W Broadway
Suite 900
San Diego, CA 92101 3577
619.232.0441

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. § 1441(b)    2.

## TIMELINESS OF REMOVAL

7.  Generally speaking a Notice of Removal must be filed within thirty (30) days of the formal service of the Complaint. In this case, Defendant timely files this removal.

## AMOUNT IN CONTROVERSY

8.  This case is one wherein the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. In his Complaint, Plaintiff alleges the following seven causes of action: (1) Discrimination based on his claimed disability (Gov't Code §12940(a)); (2) Failure to Accommodate (Gov't Code §12940(m) & (n)); (3) Failure to Engage in the Interactive Process (Gov't Code §12940(n)); (4) Failure to Prevent Discrimination (Gov't Code §12940(k)); (5) Retaliation (Gov't Code §12940(h)); (6) Wrongful Discharge in Violation of Public Policy. Plaintiff has asserted in the body of his Complaint and in his prayer for damages in the Complaint that he calculates his damages at not less than $100,000. (Complaint, ¶ 7 and "Prayer", page 8.)

## DIVERSITY OF CITIZENSHIP

9.  Plaintiff alleges that at the time the action was commenced in state court he was, and still is, a citizen of the State of California. Complaint, ¶ 1.

10. Defendant was, at the time the action was commenced in state court, and still is, a citizen of the State of Nevada and of the State of Tennessee, in that Defendant was and continues to be a corporation incorporated under the laws of the State of Nevada, having its principal place of business in the State of Tennessee. 28 U.S.C §§ 1332(a)(1), (c)(1), 1441(b). See Complaint, ¶ 2, Declaration of Christopher Coletta in Support of Notice to Federal Court of Removal Of Civil Action, ¶ 2.

11. Defendants designated as DOES 1 through 100 are fictitious defendants, are not parties to this action, have not been served and are to be disregarded for the purpose of this removal. 28 U.S.C. § 1441(a); Newcombe v. Adolf Coors Co., 157 F.3d 686, 690-91

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION FROM STATE     3.
COURT PURSUANT TO 28 U.S.C. § 1441(b)

(9th Cir. 1998) (inclusion of Doe defendants in a state court complaint has no effect on removability). Therefore, said defendants need not consent to this removal.

12. Wherefore Defendant AutoZone, Inc., hereby removes the civil action pending against it in the Superior Court of the State of California for the County of San Bernardino to this Honorable District Court.

Dated: July 16, 2010

JEREMY A. ROTH
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
AUTOZONE, INC.

Firmwide:96310203.1 013306.2000

LITTLER MENDELSON
A Professional Corporation
501 W Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION FROM STATE       4.
COURT PURSUANT TO 28 U.S.C. § 1441(b)

# EXHIBIT A

1  JEREMY A. ROTH, Bar No. 129007
   LITTLER MENDELSON
2  A Professional Corporation
   501 W. Broadway
3  Suite 900
   San Diego, CA 92101.3577
4  Telephone:  619.232.0441
   Facsimile:   619.232.4302
5  Email:       jroth@littler.com

6  Attorneys for Defendant
   AUTOZONE, INC.
7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF SAN BERNARDINO

10 | REGINO MARQUEZ,                          | Case No. CIVVS 1003864
11 |                    Plaintiff,            | Judge: Hon. Gilbert Ochoa
                                              | Dept: V9
12 |         v.
13 | AUTOZONE, INC., a Nevada corporation,    | **NOTICE TO STATE COURT OF REMOVAL OF CIVIL ACTION**
   | and DOES 1 through 100, inclusive,
14 |                                          | Complaint Filed: June 9, 2010
   |                    Defendant.
15

16  / / / /
17  / / / /
18  / / / /
19  / / / /
20  / / / /
21  / / / /
22  / / / /
23  / / / /
24  / / / /
25  / / / /
26  / / / /
27  / / / /
28  / / / /

**EXHIBIT A**
**Page 1 of 2**

PLEASE TAKE NOTICE THAT on July 16, 2010, Defendant AutoZone, Inc. ("Defendant") filed a Notice to Federal Court of Removal of Civil Action from State Court ("Notice"), a copy of which is attached hereto as Exhibit A, in the United States District Court for the Central District of California.

PLEASE TAKE FURTHER NOTICE that, by the filing of such Notice and by the filing herein of this Notice to State Court of Removal Of Civil Action to Federal Court, and the concurrent filing the above-entitled action has been removed from this Court to the United States District Court for the Central District of California pursuant to 28 U.S.C. sections 1332, 1441 and 1446, and this Court may proceed no further unless and until the case is remanded.

Dated: July 16, 2010

JEREMY A. ROTH
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
AUTOZONE, INC.

Firmwide:96320881.1 013306.2000

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

2.

NOTICE TO STATE COURT OF REMOVAL OF CIVIL ACTION

EXHIBIT A
Page 2 of 2

# EXHIBIT B



# CT Corporation

**Service of Process Transmittal**
06/17/2010
CT Log Number 516806177

**TO:** HARRY L GOLDSMITH
AutoZone, Inc.
123 South Front St.
Memphis, TN 38103-3607

**RE:** **Process Served in California**

**FOR:** AUTOZONE, INC. (Domestic State: NV)



**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Regino Marquez, etc., Pltf. vs. Autozone, Inc., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Notice of Case Assignment and Case Management Conference, Certificate, Summons, Cover Sheet, Complaint, Exhibit |
| **COURT/AGENCY:** | San Bernardino County, Superior Court, Victorville, CA<br>Case # CIVVS1003864 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination - On the basis of physical disability |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/17/2010 at 11:43 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service - file written response // 09/27/10 at 8:30 a.m. - Case Management Conference |
| **ATTORNEY(S) / SENDER(S):** | Michael A. DesJardins<br>Desjardins & Panitz LLP<br>3838 Orange Street<br>Riverside, CA 92501<br>951-779-1501 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 791268899735<br>Email Notification, Pam Butler PAM.BUTLER@AUTOZONE.COM |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of 1 / HT

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**EXHIBIT B**
**Page 1 of 16**

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

AUTOZONE, INC, a Nevada corporation, and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

REGINO MARQUEZ, an individual,



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
VICTORVILLE

JUN 0 9 2010

BY _Maria Jordon_ DEPUTY

COPY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):* Superior Court of San Bernardino | *(Número del Caso):* CIVVS 1003864 |
| 14455 Civic Drive, Ste. 100, Victorville, CA 92392 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
DesJardins & Panitz, LLP, Michael A. DesJardins, 3838 Orange St., Riverside, CA 92501 - (951) 779-1501

| DATE: JUN 0 9 2010 | Clerk, by MARIA JORDON | , Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☑ on behalf of *(specify)*: AUTOZONE, INC., a Nevada corporation, ~~and DOES 1~~

   under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☑ by personal delivery on *(date)*: 6-17-10 @ 11:43 Am

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

American LegalNet, Inc.
*www.FormsWorkflow.com*

**EXHIBIT B**
**Page 2 of 16**

Michael A. DesJardins (SBN 145970)
Eric A. Panitz (SBN 243877)
DESJARDINS & PANITZ LLP
3838 Orange Street
Riverside, CA 92501
T: (951) 779-1501
F: (951) 779-8379
md@djplawyers.com

Attorneys for Plaintiff
REGINO MARQUEZ

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
VICTORVILLE

JUN 0 9 2010

BY _____ DEPUTY

# SUPERIOR COURT FOR THE STATE OF CALIFORNIA

# FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| REGINO MARQUEZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>AUTOZONE, INC., a Nevada corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: CIVVS 1003864<br><br>**PLAINTIFF REGINO MARQUEZ' COMPLAINT FOR DAMAGES:**<br><br>1. **DISCRIMINATION (GOV'T CODE §12940(a));**<br>2. **FAILURE TO ACCOMMODATE (GOV'T CODE §12940(m) & (n));**<br>3. **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS (GOV'T CODE §12940(n));**<br>4. **FAILURE TO PREVENT DISCRIMINATION (GOV'T CODE §12940(k));**<br>5. **RETALIATION (GOV'T CODE §12940(h));**<br>6. **WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY**<br><br>**DEMAND FOR JURY TRIAL** |

## GENERAL ALLEGATIONS

1.  Plaintiff, REGINO MARQUEZ ("MARQUEZ" or "Plaintiff"), is, and all times herein mentioned was, an individual residing in the County of San Bernardino, State of California.

COMPLAINT FOR DAMAGES

- 1 -

2.    Plaintiff is informed and believes and thereon alleges that Defendant, AUTOZONE, INC., ("AUTOZONE" or "Defendant"), is, and at all times herein mentioned was, a corporation duly organized and existing under the laws of the State of Nevada, and is, and, at all times herein mentioned was, an employer in the State of California, doing business in the county of San Bernardino, with at least five (5) employees. AUTOZONE is subject to suit under the California Fair Employment and Housing Act ("FEHA"), Government Code section 12900, et seq.

3.    Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 100, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

4.    Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences and damages herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by Defendants' acts or omissions. At all times mentioned herein, each of the Defendants was the agent and employee of each of the other Defendants, and was, at all times herein mentioned, acting within the scope of said agency and employment.

5.    Plaintiff MARQUEZ started working at AUTOZONE since October 2001 until June 23, 2009 and worked as a Commercial Specialist, earning approximately $14.33 dollars an hour.

6.    On or about February 2, 2007, MARQUEZ hurt his back at work. MARQUEZ sought and received medical treatment for his condition, which included outpatient therapy and time off from work due to the disability. Furthermore, as the result of the injury, Plaintiff began suffering from major depression. Plaintiff sought and received medical treatment for his depression. Plaintiff notified his employer of his needs in that regard. From October 6, 2007 until May 2009, Plaintiff was out on disability and did not work. On May 2009, Plaintiff's doctor released Plaintiff to return to work with restrictions. Plaintiff could not lift more than 50 pounds. Plaintiff's employer refused to allow Plaintiff to return to work and failed to accommodate his disability or engage him in the interactive process to determine reasonable accommodations.

Plaintiff was ultimately terminated on June 23, 2009 due to his physical disability. Plaintiff was denied accommodations for his physical disability in violation of Government Code section 12940(m) and discriminated against due to his disability in violation of Government Code section 12940(a). In addition, Plaintiff's employer failed to engage him in an interactive process to determine whether it could accommodate his physical disability, in violation of Government Code section 12940(n).

7. As the result of Defendants' and each of their actions and omissions, MARQUEZ has suffered severe emotional distress and economic damages in an amount to be proven at trial, but in no event less than $100,000.00 dollars.

8. MARQUEZ has filed a claim with the California Department of Fair Employment and Housing, which has issued a "Right-To-Sue" letter to MARQUEZ, dated January 27, 2010. A true and correct copy of the "Right-To-Sue" letter is attached hereto and incorporated herein as Exhibit "A."

## FIRST CAUSE OF ACTION
## (DISCRIMINATION (GOV'T CODE §12940(a)))
## (AGAINST AUTOZONE, INC., AND DOES 1-100)

9. Plaintiff re-alleges and incorporates herein by this reference, as though fully set forth herein, the allegations of paragraphs 1 through 8.

10. Plaintiff is informed and believes, and thereon alleges, that his termination was motivated by his physical disability, in violation of Government Code section 12940(a). Plaintiff is further informed and believes and thereon alleges that he suffered discriminatory compensation, terms, conditions, and/or privileges of employment on account of his physical disability in violation of Government Code section 12940(a).

11. As a direct and proximate result of the Defendants' and each of their actions alleged herein, MARQUEZ has suffered and continues to suffer extreme physical and emotional distress, financial hardship, wage losses, humiliation, mental anguish, mental and physical pain, and other damages in an amount to be proven at trial, but in no event less than $100,000.00 dollars.

12. As a further direct and proximate result of Defendants' and each of their actions alleged herein, MARQUEZ has incurred, and continues to incur, legal fees, costs, and other expenses in the prosecution of this matter.

## SECOND CAUSE OF ACTION
## (FAILURE TO ACCOMMODATE (GOV'T CODE §12940(m))
## (AGAINST AUTOZONE, INC., AND DOES 1-100)

13. Plaintiff re-alleges and incorporates herein by this reference, as though fully set forth herein, the allegations of paragraphs 1 through 12.

14. As the result of Plaintiff's physical disability arising as the result of the above referenced limitations arising therefrom, including, but not limited to, modifications of his duties, Plaintiff required reasonable accommodations in his employment. Despite Defendant's knowledge of Plaintiff's disability and Plaintiff's request for reasonable accommodations, Defendant failed to make reasonable accommodations in the work schedule and description of duties as required by Government Code section 12940(m) to accommodate Plaintiff's disability.

15. As a direct and proximate result of the Defendants' and each of their actions alleged herein, MARQUEZ has suffered and continues to suffer extreme physical and emotional distress, financial hardship, wage losses, humiliation, mental anguish, mental and physical pain, and other damages in an amount to be proven at trial, but in no event less than $100,000.00 dollars.

16. As a further direct and proximate result of Defendants and each of their actions alleged herein, MARQUEZ has and continues to incur legal fees, costs, and other expenses in the prosecution of this matter.

## THIRD CAUSE OF ACTION
## (FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS (GOV'T CODE §12940(n))
## (AGAINST AUTOZONE, INC., AND DOES 1-100)

17. Plaintiff re-alleges and incorporates herein by this reference, as though fully set forth herein, the allegations of paragraphs 1 through 16.

18. As the result of Plaintiff's physical disability, and his limitations arising

therefrom, including, but not limited to, Plaintiff's restrictions of no lifting more than 50 pounds, Plaintiff required reasonable accommodations in his employment. Despite Defendant's knowledge of Plaintiff's disability and need for accommodations, defendant failed to engage the Plaintiff in the interactive process to determine reasonable accommodations in the work schedule and potential modifications of work duties as required by Government Code section 12940(n) to accommodate Plaintiff's disability.

19. As a direct and proximate result of the Defendants' and each of their actions alleged herein, MARQUEZ has suffered and continues to suffer extreme physical and emotional distress, financial hardship, wage losses, humiliation, mental anguish, mental and physical pain, and other damages in an amount to be proven at trial, but in no event less than $100,000.00 dollars.

20. As a further direct and proximate result of Defendants' and each of their actions alleged herein, MARQUEZ has and continues to incur legal fees, costs, and other expenses in the prosecution of this matter.

## FOURTH CAUSE OF ACTION
### (FAILURE TO TAKE REASONABLE STEPS TO PREVENT DISCRIMINATION)(GOV'T CODE §12940(k))
### (AGAINST AUTOZONE, INC., AND DOES 1-100)

21. Plaintiff re-alleges and incorporates herein by this reference, as though fully set forth herein, the allegations of paragraphs 1 through 20.

22. Defendants failed to take all reasonable steps to prevent discrimination in the workplace as evidenced by defendants' act of terminating Plaintiff due to his physical disability in violation of Government Code section 12940(k).

23. As a direct and proximate result of the Defendants' and each of their actions alleged herein, MARQUEZ has suffered, and continues to suffer, extreme physical and emotional distress, financial hardship, wage losses, humiliation, mental anguish, mental and physical pain, and other damages in an amount to be proven at trial, but in no event less than $100,000.00 dollars.

24. As a further direct and proximate result of Defendants' and each of their actions alleged herein, MARQUEZ has, and continues to incur, legal fees, costs, and other expenses in the prosecution of this matter.

## FIFTH CAUSE OF ACTION

## (RETALIATION (GOV'T CODE SECTION 12940(h))

## (AGAINST AUTOZONE, INC., AND DOES 1-100)

25. Plaintiff re-alleges and incorporates herein by this reference, as though fully set forth herein, the allegations of paragraphs 1 through 24.

26. Defendants retaliated against Plaintiff by terminating his employment due to the fact that he had taken time off to accommodate his physical disability. Defendants' action was a violation of Government Code section 12940(h) and section 12945.2.

27. As a direct and proximate result of the Defendants' and each of their actions alleged herein, MARQUEZ has suffered, and continues to suffer, extreme physical and emotional distress, financial hardship, wage losses, humiliation, mental anguish, mental and physical pain, and other damages in an amount to be proven at trial, but in no event less than $100,000.00 dollars.

28. As a further direct and proximate result of Defendants' and each of their actions alleged herein, MARQUEZ has incurred, and continues to incur, legal fees, costs, and other expenses in the prosecution of this matter.

## SIXTH CAUSE OF ACTION

## (WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY)

## (AGAINST AUTOZONE, INC., AND DOES 1-100)

29. Plaintiff re-alleges and incorporates herein by this reference, as though fully set forth herein, the allegations of paragraphs 1 through 28.

30. MARQUEZ' termination from AUTOZONE was a violation of substantial and fundamental public policy, including but not limited to the following:

  A. California's Fair Employment and Housing Act, Government Code Section 12940(a), which reads as follows: "It shall be unlawful . . . for an employer, because of the race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, age, marital status, sex or sexual orientation of any person, to refuse to hire or employ the person or to refuse to select the person for the training program leading to employment, or to bar or to discharge the person from employment from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment"; and

  B. California's policy against discrimination in employment.

31. Plaintiff is informed and believes and thereon alleges that his termination was motivated by his physical disability.

32. As a direct and proximate result of the Defendants and each of their actions alleged herein, including their termination of MARQUEZ' employment, MARQUEZ has suffered and continues to suffer extreme physical and emotional distress, financial hardship, humiliation, mental anguish, mental and physical pain, and other damages in an amount to be proven at trial.

33. As a further direct and proximate result of defendants and each of their actions alleged herein, including their termination of MARQUEZ' employment, MARQUEZ has and continues to incur legal fees, costs, and other expenses in the prosecution of this matter.

**WHEREAS**, Plaintiff prays for judgment on the above causes of action as follows:

AS TO THE FIRST, SECOND, THIRD, FOURTH and FIFTH CAUSES OF ACTION:

1. For general and special damages in an amount to be proven at trial, but in no event less than $100,000.00 dollars;

2. For attorneys fees pursuant to statute;

3. For costs of suit;

4. For prejudgment interest;

5. For such other relief as the court deems appropriate.

AS TO THE SIXTH CAUSE OF ACTION:

1.    For general and special damages in an amount to be proven at trial, but in no event less than $100,000.00 dollars;

2.    For costs of suit;

3.    For prejudgment interest;

4.    For such other relief as the court deems appropriate.

Dated: June 3, 2010

DESJARDINS & PANITZ LLP

By: _____
Michael A. DesJardins
Attorney for Plaintiff
REGINO MARQUEZ

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands the trial in this matter be tried before a jury.

Dated: June 3, 2010

DESJARDINS & PANITZ LLP

By: _____
Michael A. DesJardins
Attorneys for Plaintiff
REGINO MARQUEZ